# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN˟
SHANNON LISS-RIORDAN˟ᐃ◇
MATTHEW W. THOMSON˟
ADELAIDE H. PAGANO˟

THOMAS P. FOWLER˟◇
OLENA SAVYTSKA˟
ANNE KRAMER˟ᐃ
MICHELLE CASSORLA˟•△
ZACHARY RUBIN˟◇•♦
ANASTASIA DOHERTY˟

OF COUNSEL
MATTHEW D. CARLSONᐃ△
BENJAMIN J. WEBER˟□

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

˟ ADMITTED IN MASSACHUSETTS
ᐃ ADMITTED IN CALIFORNIA
◇ ADMITTED IN NEW YORK
• ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
△ ADMITTED IN DISTRICT OF COLUMBIA
□ ADMITTED IN TENNESSEE

January 21, 2020

**_VIA ECF_**
The Honorable Mae A. D'Agostino
James T. Foley U.S. Courthouse
445 Broadway, Courtroom 5
Albany, New York 12207

     Re: <u>Burke v. Bimbo Bakeries USA, Inc. et al</u>, No. 19-00902 (MAD-ATB)

Dear Judge D'Agostino:

We represent Plaintiffs in the above-captioned matter. We write to request a pre-motion conference for Plaintiffs' anticipated motion to dismiss Defendants' counterclaims.

In this wage and hour class action, Plaintiffs are delivery drivers who work full-time delivering bread and baked goods for Defendants Bimbo Bakeries USA, Inc. and Bimbo Bakeries Distribution, LLC (collectively, "Bimbo"). Defendants determine the territories where Plaintiffs work and the prices of the products that they are required to deliver. Defendants also prohibit Plaintiffs from working outside of their assigned territory and from working for any competitor of Bimbo. Despite this pervasive control over Plaintiffs' work, Bimbo labels Plaintiffs as non-employee "independent contractors" and willfully denies them all protections of state and federal employment laws. Plaintiffs allege that they are actually Bimbo's employees for purposes of the FLSA, and that Defendants violated that FLSA by failing to pay them overtime wages.

L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

Bimbo has asserted an "unjust enrichment" counterclaim against each named Plaintiff. Bimbo describes the counterclaim as follows:

> …[I]f the Court finds that Counterclaim Defendants [i.e., the delivery drivers] were employees of BFBD or its affiliates …, it should find that Counterclaim Defendants were enriched as a result of their status as independent contractors, including but not limited to, the revenue they generated and retained by selling certain products to their customers, the profits generated from the sale and/or partial sale of their distribution rights to other IBPs, the revenue generated pursuant to the Advertising Agreements they entered into with BFBD or its predecessor, and the tax deductions they took for the costs of operating their businesses.

See Dkt. 33, Counterclaim at ¶ 167. Defendants' argument is that if Plaintiffs succeed in this case and they are found to be employees under the FLSA, they have been unjustly enriched by Defendants' violation of the FLSA. Defendants seek to offset any award of unpaid overtime wages by recouping amounts that Plaintiffs received in transactions with third parties, such as through tax deductions obtained through the IRS, which (according to Bimbo) employees are not entitled to receive. This "unjust enrichment" theory fails as a matter of law.

In a similar case brought by Bimbo drivers in New Hampshire, the court dismissed identical "counterclaims" to those asserted in this case. See Camp v. Bimbo Bakeries USA, Inc., 2019 WL 1472586, at *1-*3 (D.N.H. Apr. 3, 2019). The counterclaims in this case similarly fail as a matter of law.

First, the "unjust enrichment" counterclaims fail to state a claim for relief, as they do not allege any ***inequitable benefit*** that Plaintiffs obtained ***from Bimbo Bakeries***. See Camp, 2019 WL 1472586, at *1. As Judge McAuliffe held in Camp v. Bimbo Bakeries:

> The problem with Bimbo Bakeries' counterclaim is that it fails to plausibly allege how plaintiffs (if properly viewed as employees) were <u>unjustly</u> enriched, <u>at the expense of Bimbo Bakeries</u>. Nor does it plausibly allege that plaintiffs obtained some benefit from Bimbo Bakeries that would be unjust or inequitable for them to retain if they are deemed to have been employees.

# LICHTEN & LISS-RIORDAN, P.C.

Id. at *1.  Here, the alleged "benefits" flowing to Plaintiffs did not come from Bimbo, but from third parties (such as the IRS).  Thus, there are no facts supporting Plaintiffs' "enrichment" at Bimbo's expense.  Further, there is nothing inequitable about the transactions because Bimbo also received the "benefit" by avoiding tax obligations placed on employers as a product of its misclassification scheme, as well as obtaining the benefit of Plaintiffs' work.  See id. ("… Bimbo Bakeries were also "enriched" as a result of their relationships with plaintiffs and benefited financially from plaintiffs' efforts to both advertise and sell Bimbo Bakeries' products.").

Second, counterclaims of this nature that seek to "recoup" or "offset" a plaintiff's award of unpaid overtime wages are prohibited by the FLSA.  See Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 144 (2nd Cir.1999).

Third, Defendants' counterclaims are baseless and constitute unlawful retaliation in violation of the FLSA.  See Fernandez v. Kinray, Inc., 2014 WL 12778829, at *3 (E.D.N.Y. Feb. 5, 2014) (dismissing similar counterclaim in FLSA case).

Fourth, the counterclaims are not ripe because they only arise if Plaintiffs succeed in their FLSA claims in this action.  See generally Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1106 (2d Cir.1988) (where alleged damages depended on the outcome of pending bankruptcy proceeding, claim for damages must be dismissed as premature).

Thank you for your consideration of this matter.

Kind Regards,

*/s/ Matthew Thomson*
Matthew Thomson

cc:  All counsel of record (via ECF)