# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×

THOMAS P. FOWLER×◊
OLENA SAVYTSKA×
ANNE KRAMER×∆
MICHELLE CASSORLA×•⌂
ZACHARY RUBIN×◊•♦
ANASTASIA DOHERTY×

OF COUNSEL
MATTHEW D. CARLSON∆⌂
BENJAMIN J. WEBER×□

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
• ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
⌂ ADMITTED IN DISTRICT OF COLUMBIA
□ ADMITTED IN TENNESSEE

February 7, 2020

**_VIA ECF_**
The Honorable Mae A. D'Agostino
James T. Foley U.S. Courthouse
445 Broadway, Courtroom 5
Albany, New York 12207

Re: <u>Burke v. Bimbo Bakeries USA, Inc. et al,</u> No. 19-00902 (MAD-ATB)

Dear Judge D'Agostino:

We represent Plaintiffs in the above-captioned matter. We write to request a pre-motion conference for Plaintiffs' anticipated motion to dismiss Defendants' Third-Party Complaints.

In this wage and hour class action, Plaintiffs are delivery drivers who work full-time delivering bread and baked goods for Defendants Bimbo Bakeries USA, Inc. and Bimbo Bakeries Distribution, LLC (collectively, "Bimbo"). Defendants determine the territories where Plaintiffs can work, set the prices of the products they require Plaintiffs to deliver, and prohibit Plaintiffs from working for any competitor of Bimbo. Despite this pervasive control over Plaintiffs' work, Bimbo labels Plaintiffs as "independent contractors" and willfully denies them all of the protections of state and federal employment laws. Bimbo perpetuated its misclassification scheme by requiring some of the named Plaintiffs to form corporations or LLC's in order to work for Bimbo, though this "incorporation" requirement will have no effect on Plaintiffs' claims for unpaid wages, particularly where the LLC's are formed exclusively to

L I C H T E N   &   L I S S - R I O R D A N ,   P. C.

perform delivery work for Bimbo.  See generally Gustafson v. Bell Atlantic Corp., 171 F.Supp.2d 311 (S.D.N.Y. 2001) (finding worker was an "employee" under the New York Labor Law and FLSA despite the fact that he formed a corporation to work for defendants).

Bimbo has asserted third-party "indemnification" claims against three of the named Plaintiffs' LLCs, despite the fact that binding precedent is clear that "[t]here is no right of contribution or indemnification for employers found liable under the FLSA." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 144 (2d Cir. 1999); see Dkt. 36, 37, and 38. In each of these Third-Party Complaints, Bimbo makes the remarkable argument that Plaintiffs—through their LLC's—must pay Bimbo's attorneys' fees and costs associated with defending this Action (regardless of the outcome), and that Plaintiffs—through their LLC's—must indemnify Bimbo for any damage award for unpaid overtime wages in this FLSA case.  In other words, if Bimbo violated the FLSA, Plaintiffs are responsible for paying unpaid overtime wages to themselves. See Dkt. 36, 37, and 38 at ¶ 27–31. Bimbo's indemnification claims fail as a matter of law for three primary reasons and Plaintiffs intend to move to dismiss them in their entirety.[1]

First, Bimbo's claims for indemnification contravene the well-settled rule that indemnification provisions are read narrowly, especially as applied to litigation between the two parties to an agreement.  See Fernandez v. Kinray, Inc., 2014 WL 12778829, at *3 (E.D.N.Y. Feb. 5, 2014).  Here, Plaintiffs and their LLCs are one and the same for purposes of their relationship with Bimbo.  The indemnification provision that Bimbo included in its contract, which requires indemnification only against claims by third parties, see Dkt. 36, 37, and 38 at ¶ 12, is simply not implicated in this case.  Moreover, the indemnification provision here requires

---

[1] Bimbo seeks similar relief through its "unjust enrichment" claim, which should be dismissed for the same reasons.

# LICHTEN & LISS-RIORDAN, P.C.

each party to indemnify the other only for claims arising out of their own acts or failures.  See Dkt. 36, 37, and 38 at ¶ 12.  The claims here "arise[] from defendant's alleged actions, not from any possible breach of the agreement by plaintiffs." Fernandez, 2014 WL 12778829, at *3.

Second, third-party complaints through which an employer seeks to "recoup" unpaid wages in a FLSA case or seek indemnification from its own employees for FLSA violations are prohibited by the FLSA.  See Herman, 172 F.3d at 144; Gustafson v. Bell Atl. Corp., 171 F. Supp. 2d 311, 327–328 (S.D.N.Y. 2001) ("Allowing indemnification … would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute.").  As one court in this circuit noted, "a holding that the indemnification clause is enforceable would indeed mean that employers would have little reason to be concerned over compliance with the statutorily mandated and un-waivable overtime pay requirements of the FLSA, knowing full well that if they are later found to have violated such requirements, [they] would be totally compensated for any injuries resulting from such an action." Goodman v. Port Authority of New York and New Jersey, 850 F. Supp. 2d 369, 389 (S.D.N.Y. 2012) (citing Local 1035, Int'l Bhd. Of Teamsters v. PepsiAllied, 99 F. Supp. 2d 221, 221 (D. Conn. 2000)).

Third, Defendants' third-party complaints constitute unlawful retaliation in violation of the FLSA. See Fernandez v. Kinray, Inc., 2014 WL 12778829, at *3 (E.D.N.Y. Feb. 5, 2014) (dismissing similar "indemnification" counterclaim in FLSA case).

Thank you for your consideration of this matter.

Kind Regards,

*/s/ Matthew Thomson*____
Matthew Thomson

cc:  All counsel of record (via ECF)