UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERIC BURKE, et al.,

                      Plaintiffs,

v.

BIMBO BAKERIES USA, INC., et al,

                      Defendants.
-----------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

19-CV-11101 (PMH)

Related Cases: 20-CV-3742 (PMH); 17-CV-4481 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiffs, seven former or current distributors of Bimbo Bakeries USA, Inc. and Bimbo Foods Bakeries Distribution, LLC (collectively "Defendants"), bring individual and class claims against Defendants alleging that Defendants violated (1) N.Y. Labor Law § 193 by making unlawful deductions from Plaintiffs' wages, (2) N.Y. Labor Law § 195 by failing to comply with record keeping and notice requirements, and (3) N.Y. Labor Law § 650 by failing to pay overtime wages.

By motion dated March 23, 2020, Defendants moved to dismiss Plaintiffs' claims asserting that they are barred by the first-filed rule because Plaintiffs' claims are substantially similar to claims raised by different plaintiffs in *Puello v. Bimbo Foods Bakeries Distribution, LLC*, No. 17-CV-4481 (hereinafter "*Puello*") which is also pending before this Court.

For the reasons set forth below, Defendants' motion to dismiss is DENIED.

## BACKGROUND

On April 23, 2019, Plaintiffs commenced an action against Defendants in the Northern District of New York before Judge D'Agostino. *See Burke v. Bimbo Bakeries USA, Inc.*, No. 19-CV-902 (N.D.N.Y.). Plaintiff brought one claim under the Fair Labor Standards Act ("FLSA") and three claims under state law (the "NYLL Claims") in that action. *See id.*, Doc. 1 ¶¶ 43–61.

The gravamen of Plaintiffs' claims is that they were classified improperly by Defendants as independent contractors as opposed to employees. Defendants moved to dismiss Plaintiffs' NYLL Claims arguing that those claims "should be barred by the Second Circuit's first-filed rule in light of the nearly identical *Puello* litigation." *See id.*, Doc. 19-1 at 2. On November 15, 2019, Judge D'Agostino granted Defendants' partial motion to dismiss holding that Plaintiffs' NYLL Claims were "so substantially similar" to Plaintiffs' claims in *Puello* that dismissal of the NYLL Claims was required. *See id.*, Doc. 25 at 4.

Thereafter, on December 3, 2019, Plaintiffs commenced this action asserting the same three NYLL Claims that had been dismissed by Judge D'Agostino.[1] By motion dated March 23, 2020, Defendants again moved to dismiss Plaintiffs' NYLL Claims pursuant to the first-filed rule.

## ANALYSIS

The first-filed rule provides that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 22 (2d Cir. 2018) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010)). The rule "embodies considerations of judicial administration and conservation of resources, and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter." *Id.* (citing *AEP Energy*, 626 F.3d at 722). Additionally, the rule "protects parties from having to litigate the same issue in multiple venues." *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11-CV-8751, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012).

---

[1] Subsequently, Judge D'Agostino granted Plaintiffs' motion to transfer venue to the Southern District of New York. *See id.*, Doc. 63. The case was transferred to me, and Plaintiffs' FLSA claims are now pending in a separate action in this Court. *See Burke v. Bimbo Bakeries USA, Inc.*, No. 20-CV-3742 (hereinafter "*Burke FLSA*").

Under the first-filed rule, dismissal of a second-filed action may be appropriate "where proceedings involving the same parties and issues are pending simultaneously in different federal courts." *Eternal Asia Supply Chain Mgmt. (USA) Corp. v. EQD Corp.*, No. 12-CV-0058, 2012 WL 6186504, at *3 (S.D.N.Y. Dec. 12, 2012) (quoting *Sotheby's, Inc. v. Minor,* 08-CV-7694, 2009 WL 73134, at *1 (S.D.N.Y. Jan. 6, 2009)). While the first-filed rule creates a presumption that a second-filed action with substantially similar parties and claims should be dismissed, "[t]he first-filed rule is not to be applied mechanically." *Id.* Rather, the district court must "consider the equities of the situation" and, ultimately, the decision of whether to dismiss an action rests within a district judge's discretion. *See Naula v. Rite Aid of New York*, No. 08-CV-11364, 2010 WL 2399364, at *4 (S.D.N.Y. Mar. 23, 2010).

Here, Defendants argue that Plaintiffs' NYLL Claims overlap with the claims pending in *Puello* and that the Court should dismiss Plaintiffs' claims pursuant to the first-filed rule "given that the underlying facts are the same in all material respects, the claims are virtually identical, the theories of liability are indistinguishable, and the putative class in the present case is totally encompassed by the putative class in *Puello*." (Doc. 21, Defs. Br. at 1–2). Plaintiffs assert that the first-filed rule does not apply in this case because "[t]he 'first-filed' rule has no import where, as here, the two cases at issue reside on the docket of the same district judge." (Doc. 22, Pls. Opp'n at 3 (citing *Horowitz*, 888 F.3d at 22)). Plaintiffs argue that consolidation pursuant to Fed. R. Civ. P. 42, and not dismissal, is the appropriate course. The Court finds that the considerations which form the basis for the first-filed rule are inapplicable here and therefore denies Defendants' motion to dismiss.

The Second Circuit held in *Horowitz* that the "'first-filed' rule has no import where . . . the two cases at issue reside on the docket of the same district judge. The able district judge is perfectly

3

capable of consolidating [the two cases] as necessary." 888 F.3d at 22. Other courts have also found that consolidation, not dismissal, is appropriate when two cases with similar claims and parties are pending in the same court. *See, e.g., Inn-One Home, LLC v. Colony Speciality Ins. Co.*, No. 18-CV-00100, 2020 WL 3456823, at *3 (D. Vt. June 24, 2020) (denying defendant's motion to dismiss because "[l]ike the two actions considered in *Horowitz*, the 2018 Suit and the 2019 Suit are pending before the same judge."); *Spratley v. FCA US LLC*, No. 17-CV-0062, 2017 WL 4023348, at *8 (N.D.N.Y. Sept. 12, 2017) ("The first-filed rule is rarely applied to cases within the same district because those cases can be consolidated for discovery and/or trial pursuant to Federal Rule of Civil Procedure 42(a)."); *Naula*, 2010 WL 2399364, at *4 (same).

The parties dispute whether *Horowitz* created a bright-line rule in the Second Circuit establishing that a second-filed action should never be dismissed when both actions are pending before the same judge. Defendants point to a case decided by the late Judge Spatt after *Horowitz* which expressly rejected the argument that "the first-filed rule only applies when the parties file competing lawsuits in 'different courts,' *i.e.*, different judicial districts." *Burns v. Cty. of Nassau*, 337 F. Supp. 3d 210, 213 (E.D.N.Y. 2018) (holding that the first-filed rule may apply to dismiss a second-filed action when both actions are pending before the same judge). The Court need not determine whether *Horowitz* created a bright-line rule or under what circumstances it might be appropriate to apply the first-filed rule when two cases are pending in the same court because under the present circumstances dismissal pursuant to the first-filed rule is not appropriate.

Significantly, if this action were dismissed, Plaintiffs in this case could be left without a remedy. There is no overlap between the named plaintiffs in *Puello* and the named Plaintiffs in the case at bar. There is no certainty that a class will be certified in *Puello*, a case which is currently stayed, and therefore dismissal of this action might prejudice Plaintiffs and leave them without a

4

means to prosecute their claims.[2] *See Naula*, 2010 WL 2399364, at *4 (declining to dismiss the second-filed action under the first-filed rule because, *inter alia*, plaintiffs in the second-filed action may not be represented by the class in first-filed action). While the Court makes no ruling on the viability of Plaintiffs' claims for relief, dismissal of them outright is not necessary or proper. Additionally, because the Court will consider, at the appropriate time, whether to consolidate this case with *Puello* and *Burke FLSA*, or otherwise streamline the litigation process going forward pursuant to Fed. R. Civ. P. 42, the considerations that typically weigh in favor of dismissal pursuant to the first-filed rule—conservation of judicial resources, the risk of inconsistent judicial determinations, and the burden on parties litigating an action is multiple venues—will not be present here. Accordingly, the Court denies Defendants' motion to dismiss.

## CONCLUSION

Defendants' motion to dismiss is DENIED. At the appropriate juncture, the Court will consider a streamlined and efficient approach to all three of these cases.

The Clerk is respectfully instructed to terminate the pending motion (Doc. 20).

**SO ORDERED:**

Dated: New York, New York
August 6, 2020

_____
Philip M. Halpern
United States District Judge

---

[2] *Puello* has been stayed since December 12, 2018. *See Puello v. Bimbo Foods Bakeries Distribution, LLC*, No. 17-CV-4481, Doc. 37. The plaintiffs in *Puello* sought to consolidate the action with *Franze*, a fourth case with similar claims pending before Judge Román. *See Franze v. Bimbo Foods Bakeries Distribution*, LLC, No. 17-CV-3556. Judge Román determined that he would consider Plaintiffs' consolidation request after resolution of pending motions. *See id.*, Nov. 29, 2018 Minute Entry. The parties in *Puello* then jointly requested a stay, which was entered by Judge Karas. *See Puello*, 17-CV-4481, Doc. 37. Subsequently, Judge Román granted Defendants' motion for summary judgment after determining that the plaintiffs should be classified as independent contractors and not employees under the FLSA and NYLL, which disposed of the *Franze* plaintiffs' claims *in toto*. *Franze,* 17-CV-3556, Doc. 117. The *Franze* plaintiffs have appealed that decision to the Second Circuit, and *Puello* remains stayed pending the outcome of the appeal.