UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERIC BURKE, et al.,

                       Plaintiffs,

v.

BIMBO BAKERIES USA, INC., et al.,

                       Defendants.
-----------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

19-cv-11101 (PMH);

Related Cases: 20-cv-3742 (PMH); 17-cv-4481 (PMH)

PHILIP M. HALPERN, United States District Judge:

By motion dated March 23, 2020, Defendants Bimbo Bakeries USA, Inc., and Bimbo Foods Bakeries Distribution, LLC (collectively, "Defendants") moved to dismiss Plaintiffs' class action claims. (Doc. 20). Defendants argued that the class claims in this case should be dismissed pursuant to the first-filed rule because they are "substantially similar" to claims pending in an earlier-filed action: *Puello v. Bimbo Foods Bakeries Dist., LLC*, No. 17-CV-4481 (S.D.N.Y.). (*See generally* Doc. 21). In a Memorandum Opinion and Order dated August 6, 2020, the Court denied Defendants' motion to dismiss. (Doc. 31, "Order"). Specifically, the Court found:

> While the Court makes no ruling on the viability of Plaintiffs' claims for relief, dismissal of them outright is not necessary or proper. Additionally, because the Court will consider, at the appropriate time, whether to consolidate this case with *Puello* and *Burke FLSA*, or otherwise streamline the litigation process going forward pursuant to Fed. R. Civ. P. 42, the considerations that typically weigh in favor of dismissal pursuant to the first-filed rule—conservation of judicial resources, the risk of inconsistent judicial determinations, and the burden on parties litigating an action is multiple venues—will not be present here.

(*Id*. at 5).

By motion dated August 19, 2020, Defendants moved for reconsideration of the Order. (Doc. 32). For the reasons set forth below, Defendants' motion for reconsideration is DENIED.

1

**STANDARD OF REVIEW**

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (citing *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a reconsideration] motion is strict."). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST*, 597 F. Supp. 2d at 365 (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)).

**ANALYSIS**

Generally, motions for reconsideration should be denied absent extraordinary circumstances. Reconsideration may be appropriate when a court overlooks controlling law or facts pled before it; and, if considered, might reasonably have altered the result. Reconsideration is not a procedural mechanism used to re-examine a court's decision. Nor should a reconsideration motion be used to refresh failed arguments, advance new arguments to supplant failed arguments, or relitigate issues already decided.

Here, Defendants ask the Court to reapply the first-filed rule to this action because Defendants' motion to dismiss was limited to the class claims and did not encompass Plaintiffs' individual claims. (Doc. 33, "Defs. Br." at 2). That the Plaintiffs' individual claims were not

subject to Defendants' motion to dismiss does not change the outcome of the Order. The Court found that application of the first-filed rule was neither necessary nor appropriate here because both actions are pending on the same docket of the same judge and the "Court will consider, at the appropriate time, whether to consolidate this case with *Puello* and *Burke FLSA*, or otherwise streamline the litigation process going forward pursuant to Fed. R. Civ. P. 42." (Order at 5). Therefore, "the considerations that typically weigh in favor of dismissal pursuant to the first-filed rule—conservation of judicial resources, the risk of inconsistent judicial determinations, and the burden on parties litigating an action is multiple venues—will not be present here." (*Id*.). Whether Defendants moved to dismiss the entirety of Plaintiffs' Complaint or only Plaintiffs' class claims does not alter this analysis or lead the Court to a different conclusion.

Thus, Defendants have not satisfied their heavy burden of demonstrating that the extraordinary remedy of reconsideration is appropriate here. Accordingly, Defendants' motion for reconsideration is denied.

## CONCLUSION

Defendants' motion for reconsideration is DENIED. The Clerk is respectfully instructed to terminate the pending motion (Doc. 32).

SO ORDERED:

Dated: New York, New York
      September 14, 2020

_____
Philip M. Halpern
United States District Judge